**Exhibit D**

# KANSAS DEPARTMENT OF CORRECTIONS

| **Kansas**<br>Department of Corrections | **I**NTERNAL<br>**M**ANAGEMENT<br>**P**OLICY AND<br>**P**ROCEDURE | **SECTION NUMBER**<br>12-103D | **PAGE NUMBER**<br>1 of 10 |
|---|---|---|---|
| | | **SUBJECT:**<br>**SECURITY AND CONTROL:  Offender and Facility Searches** | |
| **Approved By:**<br><br>**Secretary of Corrections** | | **Original Date Issued:** | **12-12-17** |
| | | **Replaces Version Issued:** | **N/A** |
| | | **CURRENT VERSION EFFECTIVE:** | **12-12-17** |

| **APPLICABILITY:** | _ **ADULT Operations Only** | _ **JUVENILE Operations Only** | **X DEPARTMENT-WIDE** |
|---|---|---|---|

## POLICY STATEMENT

Offenders shall be subject to search at any time.  Searches shall be conducted by staff in a professional manner. (ACO 2-3A-01, ACI 3-4184) Predetermined random pattern searches of offenders shall be conducted as often as necessary to ensure the safety and security of the facility. (ACO 2-3C-01) Strip searches and body cavity searches shall be conducted on a reasonable belief that the offender is carrying contraband or other prohibited material. Only the warden/superintendent or designee may authorize a body cavity search. (ACI 3-4185) Except in exigent circumstances, strip searches and body cavity searches shall be conducted, in private, by staff of the same sex as the offender being searched. (28 C.F.R. § 115.15) All searches shall be conducted by trained personnel. (ACI 3-4186)

All work detail officers/supervisors and other staff, as identified by the warden/superintendent, shall be required to perform searches as outlined in this IMPP as an essential function of their employment or contract services.

Offender searches shall not be conducted as a form of harassment or in a manner causing damage to property or the unnecessary use of force, embarrassment, or indignity to the offender.  Offenders shall not be touched any more than is necessary to conduct a comprehensive search of the offender's person.

Trained narcotic/contraband detection dogs may be utilized as part of searches of offenders and/or State property. All searches shall be performed by staff trained and qualified in canine (K-9) search procedures.

Any offender refusing to be searched may be searched by force and shall be subject to disciplinary action.  Any time force is required to conduct a search, staff shall comply with the policy regarding use of force and file appropriate reports regarding the incident.

In addition to offender searches, frequent unannounced searches of all areas of the facility shall be conducted. Such searches of facilities may be initiated by either the warden/superintendent of the facility, the Secretary of Corrections, or the Secretary's designee.  The Emergency Preparedness Coordinator shall establish a written search plan for each facility.  Each search plan so established shall become a part of that particular facility's emergency plans.  The search plans shall be reviewed annually (ACI 3-4184) and shall ensure that all areas of all facilities are searched a minimum of once every 12 months, except for offender cells/living areas, which shall be searched a minimum of once every six (6) months.  K-9 units shall be available to conduct a minimum of two (2) K-9 searches of each KDOC facility per year; special searches involving the K-9 units may be arranged between the appropriate requesting official and the warden/superintendent of a K-9 support facility.  Reports shall be prepared for the respective wardens/superintendent and/or Secretary/designee with copies provided to the Deputy Secretary of Facilities Management.

Comprehensive area searches shall be planned and scheduled, involving those staff with a need-to-know in the process.  All requests for assistance and support from other KDOC facilities shall be cognizant of the budgetary

impact of the search activity. Overtime for support facility staff shall be borne by the support facility and per-diem costs shall be the responsibility of the facility for which the support is requested.

The Secretary or his/her designee may, at any time, order a comprehensive search of any KDOC facility. Such searches may be unannounced. Comprehensive searches shall be coordinated through the Department's Emergency Preparedness Coordinator.

## DEFINITIONS

<u>Body Cavity</u>: The interior of the human body not visible by normal observation; such as the anal cavity and the vagina.

<u>Body Cavity Search</u>: Inspection for contraband items in the body cavity of a person conducted by medical staff using fingers or simple instruments.

<u>Barrier Screen</u>: A physical barrier between humans and K-9 dogs. It allows the odor of illegal substances to flow freely from persons, personal effects and property through the screen without allowing the K-9 dog to come into direct contact with the person or elements being searched.

<u>Canine (K-9) Searches</u>: The passive scrutiny of the offender, offender property and State property by dogs trained to indicate the presence of the odor of narcotics or other contraband.

<u>Comprehensive Search</u>: A thorough and exhaustive search of all areas of a facility. In order to accomplish the search in a timely manner all resources available to the Department may be utilized.

<u>Contraband</u>: Any item not issued by the Department of Corrections, sold through the facility canteen or specifically authorized or permitted by order of the Secretary or warden/superintendent; or any item that, although authorized, is misused in a way that causes some danger or injury to persons or property; or any item prohibited by K.A.R. 44-2-103, 44-12-901, 44-12-902 or 44-12-903, 123-12-111, 123-12-901, 123-12-902.

<u>Dry Cell</u>: A cell/room where there is no running water, or where running water has been rendered inoperable.

<u>Exigent Circumstances</u>: Any set of temporary or unforeseen circumstances that require immediate action in order to combat a threat to the security or institutional order of a facility.

<u>Full-Frisk Search</u>: Includes all elements of a pat down search and, in addition, the loosening of clothes and belts, shaking out loose clothing and brassieres, removing shoes, visual inspection of the mouth, nose and ears without probing, search of a person's head hair by hand or with a comb, and removing wigs or prosthetic devices.

<u>Hot Spots</u>: Areas identified in a facility which may realize the maximum benefit of a K-9 search, to include, but not be limited to offender cells, housing units, workshops, classrooms, access areas, etc.

<u>Narcotics/Contraband Detection Dog</u>: A dog specifically trained for use in detection of the odor of contraband. Such dogs shall have received intensive training for the detection of certain types of contraband, such as drugs, explosives or firearms. A canine is a screening device utilized to detect the presence or odor of illegal narcotics; based upon the dog's alert, the handler determines if there is reasonable suspicion or probable cause to conduct a more intrusive search, such as a strip search.

<u>Pat-down Search</u>: Inspection of a fully clothed person using the hands and/or metal detector, including the removal of items from the person's clothing. Includes inspection/search of the person's belongings or personal effects. For purposes of searching offenders identified by the facility health authority as having cardiac pacemakers implanted within their persons, only the hands shall be employed in the search, and handheld metal detectors shall not be used.

<u>Predetermined Random Pattern Search</u>: A search conducted in a systematic, controlled, fair and impartial manner based upon a consistent, plan or routine which objectively selects the individual to be searched, i.e., every third, every fifth, etc.

<u>Reasonable Suspicion</u>: A subjective suspicion supported by objective, articulable facts that would reasonably lead a reasonable, experienced and prudent person to suspect an individual is in possession of contraband.

<u>Strip Search</u>:  The removal of all clothing followed by a visual inspection of all body surfaces and all body cavities without touching the person at any time.  The person may be asked to lift the breasts and genitals as applicable, and, to bend over to facilitate inspection of the vaginal and/or anal cavities.

## PROCEDURES

I.      **Grounds for Searches**

    A.      Strip searches of offenders shall be conducted under the following circumstances: (ACI 3-4184)

        1.      Upon initial admission; (ACI 3-4272)

        2.      Upon apprehension from an escape or attempted escape; (ACI 3-4186)

        3.      Upon re-entry to a medium or maximum custody facility after leaving the security perimeter; (ACI 3-4186)

            a.      Re-entry to a minimum security area shall require random strip searches or K9 searches.

        4.      Upon the conclusion of a contact visits; (ACI 3-4186)

        5.      In response to reports of missing or stolen facility property, i.e., keys, tools, or other items which would impact the safety of staff, offenders, the public, and/or the security or maintenance of the facility operation; and

        6.      Upon an offender's initial admission to segregation.

    B.      Pat searches and/or metal detector searches shall be conducted prior to leaving a classroom or work area where tools or weapons material were accessible.

    C.      In addition to when required in Section I.A., predetermined random pattern pat down, canine (K-9), full frisk, and/or strip searches of offenders shall be conducted whenever necessary to ensure the safety and security of the facility.

        1.      Any such strip searches shall require the prior approval of the shift supervisor or a higher authority unless specifically provided for by post order.

II.     **Pat-Down, Full-Frisk, and Canine (K-9) Searches**

    A.      A pat-down or full-frisk search of offenders may be conducted at any time or place.

        1.      Pat-down searches of male offenders may be conducted by trained staff of the same or opposite gender as the offenders being searched.

        2.      Pat-down searches of female offenders and all juvenile offenders shall be conducted by a trained staff member of the same gender only, except in exigent circumstances. (28 C.F.R. § 115.15)

        3.      Staff shall be cognizant of transgender and intersex offenders and shall conduct searches in a respectful, and least intrusive, manner as possible.

        4.      The facility shall document all cross-gender pat searches of female offenders as well as any cross-gender strip searches or cross-gender visual body cavity searches if such searches cannot be avoided.

    B.      Canine searches shall be conducted with a search team of employees designated by the warden/superintendent to assist the dog handler(s).

1.   Officers handling the detection dogs shall be responsible to control the dog and to advise the search team members when a dog has indicated the presence of an odor of contraband;

2.   All dogs used in canine (K-9) searches shall be appropriately trained and routinely certified for reliability, per IMPP 12-114; and,

3.   All officers used as dog handlers shall be trained and qualified for the duty assignment.

4.   Canine searches shall not be conducted via direct contact between the dogs and the subjects of the search, but shall be conducted with the dogs behind barrier screens.

   a.   Under no circumstances shall the search dogs be permitted to directly search any individual.

C.   While the search is being conducted the offender shall be directed to stand in the erect position, feet apart, with arms extended outward, facing away from the person(s) conducting the search.

## III.   Strip Searches

A.   Strip searches of offenders shall be approved by the shift supervisor or higher authority and conducted by an officer trained and qualified in search procedures. (ACI 3-4186)

1.   An exception to such approval is authorized when post orders specifically provide for the predetermined random pattern strip search of offenders.

B.   Whenever possible, strip searches shall be witnessed by at least one (1) staff person in addition to the person conducting the search.  If necessary, the staff person witnessing the search may do so via remote view camera observation.

1.   In those instances where a witness is not available, the complete strip search of the offender shall be recorded and preserved for a minimum of three (3) years.

   a.   Legal counsel shall be contacted prior to the destruction or disposal of such tapes.

   b.   All video recording equipment designated for use in recording strip searches shall be continuously maintained in fully operational condition in accordance with provisions of DOC IMPP 12-111/JJA 12-111.

C.   A strip search shall be performed by, and only in the presence of, employees of the same gender as the offender being searched, except in exigent circumstances. (4-JCF-2A-22) Absent exigent circumstances, any staff person witnessing the search, whether in person or via remote view camera observation, shall also be of the same gender as the offender being searched.  (ACI 3-4186) (28 C.F.R. § 115.15)

D.   Strip searches shall be conducted in a private place which prevents the search from being observed by those not assisting in the search, unless the offender signs a privacy waiver, or an emergency requires that the search be conducted immediately and there is no opportunity to move to a private area or behind a privacy screen. (ACI 3-4186; 4-JCF-2A-22)

E.   When a strip search is to be conducted, the offender shall remove all articles of clothing and give them to staff for inspection.

F.   While the offender is disrobed, correctional staff conducting the search shall:

1.   Visually inspect the offender's entire body with special attention paid to the following areas:

   a.   Head;

    b.    Hair;

    c.    Mouth; (ACI 3-4186)

    d.    Torso;

    e.    Pelvic area; (ACI 3-4186)

    f.    Legs, arms, and armpits;

    g.    Feet and hands;

    h.    Ears; (ACI 3-4186)

    i.    Neck; and,

    j.    Nasal passages. (ACI 3-4186)

2.    The offender shall be required to:

    a.    Spread legs;

    b.    Bend over;

    c.    Spread buttocks; (ACI 3-4186)

    d.    Squat;

    e.    Cough;

    f.    Open the mouth and move the tongue; (ACI 3-4186) and,

    g.    Raise arms, genitals, and breasts, as applicable, during the visual inspection.

G.    At no time, during the visual inspection, shall the corrections official conducting the search touch or conduct any physical intrusion into any body cavity.

H.    If an object of any kind is observed to be in a body cavity, the offender shall be restrained until such time as a body cavity search (see Section IV.) can be conducted.

I.    The offender shall be allowed to dress, as soon as possible, following the search.

J.    All strip searches are to be documented to include offender searched, staff conducting the search, time and location.

    1.    If the search is not pre-determined in post order (See Section III.A.1. above), the approving supervisor shall also be logged.

## IV.    Body Cavity Searches

A.    An offender shall be subject to a body cavity search when there is reasonable suspicion to conclude that the offender possesses contraband inside a body cavity. (ACI 3-4185)

B.    Upon approval by the warden/superintendent or warden's/superintendent's designee, body cavity searches may be conducted by appropriate medical personnel. (ACI 3-4185; 4-JCF-4C-63) Body cavity searches shall not be conducted by KDOC staff or contract medical staff.

    1.    Prior to the search, written authorization shall be obtained from the warden/superintendent or designee. (ACI 3-4185)

5

2.   Medical personnel who perform a body cavity search need not be of the same gender as the offender being searched.  However, all other persons who are present during the search shall be of the same gender as the offender and there shall always be at least one (1) staff member present who is the same gender as the offender being searched.

3.   The search shall be conducted in a place, which prevents it from being observed by persons not conducting or assisting with the search. (ACI 3-4185)

4.   The offender shall be informed that a body cavity search has been requested and shall be asked to sign Part I of a Consent/Authorization for Body Cavity Inspection form (Attachment A).

5.   If the offender refuses the body cavity search, but the warden/superintendent or designee believes that failure to do the search presents a threat to the security and orderly operation of the facility or a clear and imminent danger to the offender or others, the warden/superintendent or designee shall complete Part II of the Consent/Authorization for Body Cavity Inspection form (Attachment A) indicating such and direct the medical person to proceed with the search.

6.   Restraints shall be utilized when determined by the warden/superintendent or designee, in accordance with KDOC IMPP 12-113/JJA IMPP 12-113, as necessary for the medical staff to perform the search.

7.   If the offender refuses the body cavity search and the warden/superintendent or designee does not believe the search should be conducted, but still has a reasonable suspicion that the offender has contraband concealed in the offender's body, the warden/superintendent or designee may order the offender be placed in a stripped, secured dry cell and provided with a bedpan.

   a.   The offender shall remain in the cell under close observation until sufficient time has passed to permit expulsion of any contraband.

   b.   All notice, hearing, and review requirements of KDOC IMPP's 20-105 and 20-106/JJA 14-105 shall be satisfied.

8.   An incident report shall be completed in accordance with IMPP 01-113D any time a body cavity search is conducted.

## V.   Dry Cell Search

A.   Upon observation or reasonable suspicion that an offender has placed suspected contraband into his/her mouth or other body cavity, the warden/superintendent or designee may, as a contraband interdiction measure, order an offender to be placed in a dry cell.   The following general requirements shall apply:

   1.   The offender shall be placed on segregation status per DOC IMPP 20-104/JJA IMPP 14-104.

   2.   The offender shall be immediately escorted to the segregation/isolation cell.  All appropriate segregation placement procedures shall be followed.

   3.   A thorough search of the cell shall be conducted prior to placement.

   4.   Water to the cell shall be disabled and the toilet flushed prior to placing the offender in the cell.  This must be documented following the procedures in KDOC IMPP 20-101/JJA IMPP 14-101.

   5    After consultation with the health authority, the offender may be offered a laxative, however, under no circumstances shall the offender be forcibly medicated with a laxative.

6.     All items removed from, or placed in the cell shall be searched.

7.     The cell shall be searched at least once every shift.

8.     All activities such as meals, liquids given, medications, bowel movements, medical checks, searches shall be logged.

9.     The offender shall be monitored through constant observation, as well as continual observation through the use of CCTV, if available.

B.     The following conditions shall apply to offenders placed in dry cell confinement:

1.     A mattress, pillow and blanket shall be provided.

2.     The offender shall remain clothed in accordance with segregation procedures.

3.     The offender shall not be allowed personal property.

4.     The offender shall be fed in-cell the same meal as other segregation offenders.  Liquids shall be offered a minimum of every two hours.

5.     Non-staff visitors are prohibited

6.     The offender shall have the opportunity to exercise in the cell.

7.     Only legal, privileged or official mail shall be delivered to the offender.  All other mail shall be held while the offender is on dry cell status.

C.     Upon discovery of the offender having a bowel movement, the observing officer shall notify the shift supervisor. Upon the availability of assistance:

1.     The offender shall be restrained and removed from the cell.

2.     Feces and toilet paper shall be thoroughly checked by staff using appropriate protective equipment.

3.     If contraband is discovered, it shall be recovered and entered as evidence following chain of custody procedures.

4.     The shift supervisor shall be notified, and all pertinent information entered in the log.

D.     Release

1.     If a specimen has been produced and no contraband found, the offender may be released to general population upon approval of the warden/superintendent or designee.

2.     Dry cell confinement shall not exceed 72 hours, unless approved by the warden/superintendent after consultation with the health authority.

## VI.   Area Searches

A.     The warden/superintendent of each facility shall ensure that the search plan established includes specifics as to the areas to be searched, the frequency of searches, and the individuals responsible for the conduct of the searches. (ACI 3-4184)

1.     The search plan shall be reviewed at least annually and updated, if necessary.

B.     The warden/superintendent of each facility shall establish a system whereby the implementation of the search plan and the conduct of the area searches are monitored.

    C.    Searches of non-K-9 support facilities shall be coordinated between the requesting facility warden/superintendent and the warden of the support unit in the designated geographic district, see Section VI.

## VII.    Cell and Living Area Searches

    A.    All offender cells/rooms shall be physically searched a minimum of once every six (6) months. A log will be maintained in the living unit to track searches.

        1.    Any time property is taken from an offender in a search, a Shakedown/Search form (Attachment B) will be completed.

    B.    All common areas within the cell house/living units will be searched a minimum of once per week and documented in the unit log.

## VIII.    Canine (K-9) Searches of Facilities

    A.    The Department designates the following geographic districts for K-9 support facilities to permit the use of K-9 units in the scheduled and special searches of KDOC facilities.

        1.    The Lansing Correctional Facility shall provide support and conduct searches of:

            a.    Topeka Correctional Facility; and

            b.    Kansas Juvenile Correctional Complex.

        2.    The El Dorado Correctional Facility shall provide support and conduct searches of:

            a.    Winfield Correctional Facility; and,

            b.    Wichita Work Release Facility.

        3.    The Hutchinson Correctional Facility shall provide support and conduct searches of:

            a.    Ellsworth Correctional Facility;

            b.    Larned Correctional Mental Health Facility; and,

            c.    Norton Correctional Facility and its satellite facility.

    B.    Each facility (including satellite units) shall schedule the K-9 search at least every six (6) months with dates mutually agreed upon by the requesting warden/superintendent and the K-9 support facility warden or designee.

    C.    The scope of each search shall be determined based upon the needs of the requesting facility, to include any specific hot spots identified prior to the search.

    D.    The warden/superintendent of the facility being searched shall require a staff member to accompany the K-9 handler and dog to prepare such disciplinary reports, document legal complaints, etc., as may be necessary during and following the search.

    E.    Special searches involving K-9 units may be requested based upon unusual circumstances or situations that may develop and, in the determination of the requesting warden/superintendent, require an additional search.

        1.    Arrangements for special searches that coincide with all-employee and all-visitor searches where K-9 assistance is desired shall be made in the same manner as the facility searches.

2.    If the designated K-9 support facility is unable to accommodate the request, the warden/superintendent may contact the warden of another K-9 support facility for assistance.

3.    Complete facility searches should be undertaken when it is obvious that there is a large drug problem. In such cases, the entire KDOC K-9 handlers and their dogs would undertake the single assignment.

F.    Within 24 hours of the search a report shall be prepared by the K-9 handlers and distributed to the warden who dispatched the K-9 unit and the warden/superintendent of the searched facility.

G.    The staff member assigned by the warden/superintendent to accompany the K-9 unit during the search shall be responsible to prepare an overall search report and provide the report to the warden/superintendent of the searched facility.

## IX.    General Orders

A.    General Orders on this subject shall be limited to only those orders that are necessary to specify:

1.    Who is authorized to act as the warden's/superintendent's designee per Section IV.B.1 of this policy;

2.    The specifics involved in monitoring the facility's search plan;

3.    The circumstances in which a search is required; and,

4.    The provisions for the preservation of evidence resulting from searches, to include, at a minimum: (ACI 3-4198-1)

a.    Chain of custody;

b.    Evidence handling;

c.    Location and storage requirements for evidence; and,

d.    Notification by a written form of the facility's design to an affected offender informing him or her of any item seized from the offender's living area.

**NOTE:** The policy and procedures set forth herein are intended to establish directives and guidelines for staff and offenders and those entities that are contractually bound to adhere to them. They are not intended to establish State created liberty interests for employees or offenders, or an independent duty owed by the Department of Corrections to employees, offenders, or third parties. Similarly, those references to the standards of various accrediting entities as may be contained within this document are included solely to manifest the commonality of purpose and direction as shared by the content of the document and the content of the referenced standards. Any such references within this document neither imply accredited status by a Departmental facility or organizational unit, nor indicate compliance with the standards so cited. The policy and procedures contained within this document are intended to be compliant with all applicable statutes and/or regulatory requirements of the Federal Government and the state of Kansas. This policy and procedure is not intended to establish or create new constitutional rights or to enlarge or expand upon existing constitutional rights or duties.

## REPORTS REQUIRED

| Name/Type of Report | By Whom/To Whom | Due |
| --- | --- | --- |
| K-9 Search Report | K-9 Handler to Wardens/Superintendent | Within 24 Hours of Completion of Search |

| Overall Search Report | Staff Member Designated To Accompany K-9 Unit to Warden/ Superintendent of Searched Facility | At the Conclusion of K-9 Search |

## REFERENCES

28 C.F.R. § 115.15
K.S.A. 2012 Supp. 21-5914; K.S.A. 22-2521, 22-2522, 22-2524, 38-2386
K.A.R. 44-2-103, 44-12-901, 44-12-902, 44-12-903, 123-12-111, 123-12-901, 123-12-902
IMPP 01-113D, 12-111, 12-113, 12-114, 20-101, 20-104, 20-105, 20-106
JJA IMPPs 12-111, 12-113, 14-101, 14-105
ACO 2-3A-01, 2-3C-01
ACI 3-4184, 3-4185, 3-4186, 3-4198-1, 3-4272
JCF 4-JCF-2A-20, 4-JCF-2A-22, 4-JCF-4C-63

## ATTACHMENTS

| Attachments | Title of Attachments | Page Total |
|---|---|---|
| A | Consent/Authorization for Body Cavity Inspection | 1 page |
| B | Shakedown and Search Form | 1 page |

Attachment A, IMPP 12-103D
Effective 12-12-17

## KANSAS DEPARTMENT OF CORRECTIONS
## CONSENT/AUTHORIZATION FOR BODY CAVITY INSPECTION

**PART I**

| | |
|---|---|
| OFFENDER NAME | OFFENDER NUMBER |

On this date, I was requested to have a body cavity search.  The details of such an examination have been explained to me.  I understand that such an examination is to be conducted by medical personnel.  I hereby:

☐  ACCEPT          ☐  REFUSE

such an examination.  I understand this action is not an admission or a denial of wrongdoing.  I have been informed that this inspection is being requested for reasons of facility security.

| | | | |
|---|---|---|---|
| OFFENDER'S SIGNATURE | DATE | OFFENDER NUMBER | |
| WITNESS | DATE | WITNESS | DATE |

**PART II**

**AUTHORIZATION BY WARDEN/SUPERINTENDENT OR DESIGNEE**

On this date I have fully explained the procedure of a body cavity search to the offender named above.  Said offender has refused such inspection.  In my best professional judgment, based upon a reasonable suspicion, failure to perform such an inspection presents a clear and imminent danger to this offender, others, or to the security of the facility.  I therefore authorize the body cavity search to be performed without this offender's consent.

| | |
|---|---|
| AUTHORIZATION BY WARDEN/SUPERINTENDENT/DESIGNEE | DATE |
| WITNESS | DATE |
| WITNESS | DATE |

Attachment B, IMPP 12-103D
Effective 12-12-17

# CELL INSPECTION AND/OR SEARCH FORM

☐ CELL INSPECTION       ☐ SEARCH       ☐ CELL INSPECTION & SEARCH

(Check One)

The listed area has been inspected and/or searched on this date. Listed below are the deficiencies found and/or contraband seized.

**OFFENDER NAME:**                **NO.**       **UNIT**    **CELL #**

(Last)         (First)

**SHOP/AREA:**

| ITEM SEIZED | DISPOSITION |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

A: Held for Evidence       B: Destroyed       C: Returned       D: Other       E: To EAI

**EQUIPMENT INSPECTION**

| ITEM | MODEL | SERIAL NO. | COLOR | CONDITION |
|---|---|---|---|---|
| TV |  |  |  |  |
| Radio |  |  |  |  |
| Headphones |  |  |  |  |
| Hot Pot |  |  |  |  |
| Fan |  |  |  |  |
| Typewriter |  |  |  |  |
| Clock |  |  |  |  |
|  |  |  |  |  |

**DEFICIENCIES WHICH NEED CORRECTED (ITEMS CIRCLED):**

1. ELECTRICITY LEFT ON (LIGHTS, FAN, RADIO, TV, HOT POT, _____)

2. DAMAGE TO STATE PROPERTY

3. DAMAGE TO PERSONAL PROPERTY

4. FIRE HAZARD (EXCESS PAPER, FAULTY EQUIPMENT OR CORD, _____)

5. EXCESS TRASH

6. SANITATION (FLOOR WALLS, TOILET, SINK, FIXTURES, LIGHT, SHOWER, LEDGES, BUNK, WINDOWS, PERSONAL PROPERTY, _____)

7. MISUSE OF ITEMS (EXTENSION CORDS, EAR PHONES, PICTURES, _____)

8. BED NOT MADE

COMMENTS: _____

_____

OFFICER: _____ DATE: _____ TIME: _____

cc: Warden/Superintendent/Master file (white); EAI (canary); Offender (goldenrod)