

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Kansas
Department of Corrections

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@doc.ks.gov
doc.ks.gov

Joe Norwood, Secretary of Corrections

Sam Brownback, Governor

Date: March 14, 2017

To: Offender McCoy, Deron #76894 B2-101

Subject: PREA Sexual Abuse Grievance #20366


Your grievance dated 3/10/17 was received in my office 3/14/17 it was forwarded to EDCF EAI for further investigation.

Once EDCF EAI has completed their investigation, you will be notified with a final response from the Warden.


*M. Nelson*
*for*

James Heimgartner, Warden
El Dorado Correctional Facility


Cc: Offender
EDCF PREA Coordinator, T. Martin – Records
EDCF EAI DO – Galloway
File - Sexual Abuse Grievance
CSIII Office for PREA checklist
UTM B ch

HCF

# Grievance-Response on Appeal

**FACILITY:** El Dorado Correctional Facility

**INMATE:** 0076894 MCCOY, DERON

**GRIEVANCE NO.:** CA00020366

**DATE:** May 30, 2017

## FINDINGS OF FACT

The response provided to the inmate by staff at the facility is incorporated herein by reference and made part of this response.

On appeal, the inmate offers no evidence or argument that suggests that the response rendered by staff at the facility is wrong.

## CONCLUSIONS MADE

The response rendered to the inmate by staff at the facility is appropriate.

## ACTION TAKEN

None further.

_____
Douglas W. Burris
SECRETARY OF CORRECTIONS DESIGNEE

cc:  Warden Heimgartner
Image: SOCRESP w/attachments

The original response on appeal and all attached documents were mailed to the inmate by way of United States Mail on _____.

RECEIVED
JUN 9 – 2017
Wardens Office

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: DeRon McCoy, Jr    Facility: HCCF

Inmate Number: 76894    Grievance Serial No. CA20366

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO: Secretary of Corrections
Landon State Office Building
900 Jackson, 4th Floor
Topeka, Kansas 66612

Date Mailed: 5-21-17

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.) I feel that the principal Administrator should have fired CO Goad and C/O Patterson as they did sexual abuse and harass me by trying to make me perform acts while naked that were not reasonable related to official duties. I had already performed the bend, squat, and cough procedure properly the other 4x were excessive and constitute Sexual Abuse/Harassment in violation of 44-15-204

Signature of Inmate: DeRon McCoy, Jr.

---

**DECISION BY SECRETARY OF CORRECTIONS** (to be completed and returned within 20 days)

If applicable - Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____    Date Sent to Inmate: _____

RECEIVED MAY 30 2017 Facility Management Area

Finding of Fact:

Conclusions Made:

Action Taken:

Signature of Secretary of Corrections

**For D.O.C. Staff Use Only**

Type of Response (Item 6b: Code    Ø1, Ø2, Ø8 or Ø9) _____

DC Ø9Ø, Effective May 1, 1988

P-157a    G-3



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Department of Corrections
*El Dorado Correctional Facility*

Phone: (785) 296-3317
Fax: (785) 296-0014
Email: kdocpub@doc.ks.gov
www.doc.ks.gov

Joe Norwood, Secretary
James Heimgartner, Warden

Sam Brownback, Governor

**Date:** MAY 8 2017

**To:** Offender McCoy, Deron #76894 B2-101 at time grievance submitted, transferred to HCF 3/22/17

**Subject:** Sexual Abuse Grievance #CA20366

Your grievance dated 3/10/17 was received in my office 3/14/17. It was forwarded to EDCF EAI for further investigation.

I have reviewed your complaint along with the additional information provided by EDCF EAI. The findings based on your grievance were <u>unfounded</u>. I have reviewed the final report, based on my review, I feel no further action is necessary. **You will have three days to appeal to the Secretary of Corrections.**

As stated in K.A.R. 44-15-102 (G)(c)(1): "If the warden's answer is not satisfactory, the offender may appeal to the secretary's office by indicating on the grievance appeal form exactly what the offender is displeased with and what action the offender believes the secretary should take. The offender's appeal shall be made within three calendar days of receipt of the warden's decision, or within three calendar days of the deadline for that decision, whichever is earlier.

*[signature]*
James Heimgartner, Warden
El Dorado Correctional Facility

Cc: EDCF PREA Coordinator, T. Martin – Records
    Offender @ HCF
    EDCF EAI O'Brien
    File
    PREA file

\* Sexual Abuse Grievance +

# KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

## INMATE COMPLAINT

Inmate's Name: DeRon McCoy Jr.    Number: 76894

Facility: EDCF    Housing Unit: B2-101    Work Detail: N/A

trnsf HCF 3-22-17

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member). On or about 10-27-16 while getting prepared to be transported to Reno County Jail for court, I was placed in the shakedown cage in B-1 (where I then resided) S.O.R.T team member Goall begin the strip search of my person. I quickly undressed and put my T-shirt, socks, and boxers on the slot of the shakedown cage (continued on next page)

Date this report was given to Unit Team for informal resolution (to be completed by inmate). 3-10-17

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days)

Forward to T. Tample PREA 3/13/17 AA

Forwarded to EDCF EAI for investigation. 3/14/17

M. Nelson 3/14/17
Unit Team Signature    Date

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

PENDING

____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

____ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). ____

Inmate Signature    Date

**WARDEN RESPONSE** (Complete, attach response and return within 10 Working days.)

Date Received: MAR 14 2017    Date of Final Answer: MAY 8 2017    Date Returned to Inmate: ____

Inmate's Signature    Date    Unit Team Signature    Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number: CA20366

Type of Complaint (Item 4: Code 01-75): 31

Cause of Complaint (Item 5: Code 01-30): 01

Type of Response (Item 6a: Code 01,02,08 or 09): 08    SE

G-5

RECEIVED MAR 14 2017 Wardens Office

I then followed the strip search procedures as directed by S.O.R.T Goad. When it came time for me to spread my buttocks cheeks, squat and cough I did so squatting as far as I could with my back injury. When I straightened up and turned back around S.O.R.T Goad stated "Now that's not good enough. You need to squat further down". I then turned back around spread my buttocks cheeks, squatted, and coughed. This time squatting further down causing me extreme pain and discomfort. S.O.R.T Goad then stated that "No, I want to see you fully squat butt to the floor". I told him that "Now that's not right and that I couldn't do it anyway due to my back injury". CS1 Patterson was standing nearby and had been doing yard. I called him over thinking that he would help resolve the issue. When he got in front of the shakedown cage I explained the situation including my back injury and asked if he would help resolve it. I was told by S.O.R.T Goad to spread, squat, and

G-6

cough again. I once again attempt to squat as far as I could while spreading my buttocks cheeks while coughing. as I squated parral to the ground causing me extreme pain and discomfort I heard CSI Patterson state "come on you can drop it further than that". I immediatly identified this statement to be a referance from a Rap song "Drop it like its Hot" and is sexual in nature. I immedratly grabbed my boxers and T-shirt off the shakedown slot and began to dress while yelling out that I was being sexually harrassed PREA violation. eventually CSI of s.o.r.t Carrell showed up I explained the situation to him concerning my back injury and medical restrictions he explained that I would have to strip out for him again which I did and CSI Carrell found that that strip out was acceptable and did not require me to fully squat to the floor. I was then taken by CSI Carrell and another E.O (not Good) to A.&.D. and placed in holding cage by myself. before I was released to Reno county I was strip searched once again

bringing the total number of strip searches within a 20 min time frame to 5 strip searches. When I returned back from court after about 20 days I recieved a D.R written by S.O.R.T Goad for disobeying and interference with duties. This D.R was heard on or about 11-28-16. During that hearing S.O.R.T Goad lied and testified contrary to the statement written in the D.R. I was found not guilty of the charges and it was found that I did "attempt 3 or more times to perform the deep knee bend and squat." The request that I "fully squat buttocks to the floor" by S.O.R.T Goad was not related to official duties and such request was sexual harassment in violation of 44-15-204. The forcing of my person to spread, squat, and cough two more times after I had already done so is also sexual harassment and not related to official duties as I had done so properly the first time as directed. The verbal comment made by CSI Patterson about "come on you can drop it further then that" refering to my buttocks while I was

performing the deep knee bend and squat were sexual in nature and sexual harassment in violation of KAR- 44-15-204. I felt humilulated and embaressed by Goad & Pattersons actions. I have been in fear of going to the yard for fear of the abuse happening again and have suffered emotional pain. Further the fifth strip search of my person served no purpose as I had already been strip searched 4 times had been under observation while being brought to A&D and was placed in a strip out cage alone. Once I got to A&D had no opportunity to get any item from any person, therefore the policy of strip searching inmates in segregation again once brought to A&D after just being stripped searched prior to leaving the cellhouse is unconstitutional is not related to official duties and is sexual harassment. I believe that the warden should amend the policy (require seg inmates to be stripped again once at A&D) and discharge from employment with K.D.O.C Goad and Patterson.

(see DR Dipositions of DR)  [S] Deraiel Coy Jr
(case # 16-10-217