DeRon McCoy Jr #76894
P.O Box 311
Eldorado, KS 67042

In the United States District Court
For the District of Kansas

DeRon McCoy Jr,
    Plaintiff

v.

James Heimgartner, et al.,
    Defendants

Case No: 17-CV-3134-JWB

## Plaintiffs motion requesting court ordered Joint protective order or in the alternative order the defendants to produce sealed exhibits to Plaintiff

Comes now the plaintiff DeRon McCoy Jr pro se in motion requesting the court order/direct the defendants and the Plaintiff to prepare a Joint protective order and file it with this court or in the alternative order/direct the defendants to produce the exhibits that defendant K.D.O.C Filed underseal or find that exhibits do not meet protected documents criteria to be filed underseal. In support of said request the plaintiff states the following:

### facts

1. Defendant K.D.O.C submitted a Martinez report. On

March. 27th, 2018.

2. That Martinez report contained a list of Attached (9) exhibits. Four (4) of those were filed underseal Exhibits C, F, H, & medical records I.

3. In plaintiffs allegations in the cause of action the plaintiff claims his constitutional right was violated due to the strip-search policy and I.d.c.f Restrictive housing, when transferring to different facility.

4. The (policy) B-cell house post orders is the only place that there could be policy. Outlining that Restrictive housing inmates must ~~be~~ ~~the~~ strip-searched prior to exiting B-cellhouse. LIF IT IS NOT It further prove plaintiff claims, as there is NO I.M.P.P at K.D.O.C giving K.D.O.C staff authority Oo so. The same holds true for A&D Post order (Alt is now in #2 cellhouse General population)

5. The medical record of the plaintiff where filed underseal but in order to show that the plaintiff already had a back injury that was in remission slightly was re-injured by being forced by the defendants to perform a strip-search that was excessive and forced to peform a manuver that was against protocol. The plaintiff needs these documents in order to propely dispute defendant statement of facts.

②

6. If the plaintiff does not have these exhibits filed underseal, The defendants state to the exhibits filed underseal ten (10) times in defendants motion to dismiss or in the alternative motion for summary judgement.

7. A joint protective order prepared by the defendant counsel for plaintiffs amending and approving would simplify the process while not delay the proceedings needlessly.

8. The plaintiff has previously been party to court ordered protective order and had documents that were filed underseal although non-relevant and too confidential sensitive content was redacted prior to being sent to the plaintiff while incarcerated in K.D.O.C custody.

9. The plaintiff is well aware of Code of professionalism and conduct for Attorneys in Kansas and applied them in regard to the filed underseal documents (which were H.P.D and R.C.S.O Policies and procedures.).

10. The document in that Civil rights action that were filed underseal were later given to me after a joint-proposed protection order that was specific for the documents of that produce as exhibits or pursuant to discovery request by the plaintiff on that civil action

(3)

11. I never showed the documents that were filed underseal or broke the protective order requirements.

12. I were to be ever provided with the relevant exhibits. I would abide by the how agreed upon protective order pursuant to exhibits filed underseal i.e. not disclosing the contents of the documents to others who are not defendants counsel, not showing the documents underseal to any person(s) who is not defendants in the actions counsel ....etc once given to the plaintiff

Since the defendants cite to the above discussed exhibits, filed underseal over ten (10) times in their motions to dismiss or in the alternative motion for summary judgement and further since the plaintiff has alledged that defendant Heumgartner violated his rights by implementing the search strip-search policy (60) at S.W.C.F. and that plaintiffs equal protection rights were violated by that policy. The very evidence that would support these claims may well be contained within those exhibits and if plaintiff is not provided with them he may not be able to overcome dispositive motion.

Therefore the plaintiff respectfully request this court grant this motion.

Respectfully submitted,
DeRon McCoy Jr.

(4)