IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERON McCOY, JR., )
 )
        Plaintiff, )
 )
v. ) Case No. 17-3139-JWB
 )
JAMES HEIMGARTNER, *et al.*, )
 )
        Defendants. )

**MEMORANDUM AND ORDER**

This matter comes before the court upon Plaintiff's Motion Requesting Court-Ordered Joint Protective Order, or in the Alternative, an Order Directing Production of Sealed Exhibits (ECF No 35); plaintiff's motion seeking production of the same sealed exhibits (ECF No. 41); and the Kansas Department of Corrections' Response to the Show Cause Order and Motion for a Protective Order (ECF Nos. 45 and 46). For the reasons stated below, plaintiff's motions are granted in part and denied in part without prejudice to refiling. The Kansas Department of Corrections' motion is denied without prejudice to refiling.

**I.    Background**

On March 27, 2018, the Kansas Department of Corrections (KDOC) filed a *Martinez* report pursuant to Judge Crow's order. The KDOC moved for leave to file certain exhibits to the *Martinez* report under seal—specifically Exhibits C, F, H, and I, and Judge Crow granted the motion. Neither the motion nor the court order address service of the sealed documents on the *pro se* incarcerated plaintiff. The KDOC's certificate of service attached to the *Martinez* report fails to mention that counsel did not serve the sealed exhibits on plaintiff.[1] On May 8, 2018,

---

[1] *See* Certificate of Service at 5, ECF No. 19.

defendants filed a motion to dismiss and memorandum in support. The memorandum relies on all four sealed exhibits.[2]

On July 13, 2018, plaintiff filed a motion asking the court to direct defendants to work with him to submit a jointly proposed protective order so that he could obtain the sealed exhibits. Alternatively, the motion seeks production of the sealed exhibits. Neither defendants nor the KDOC responded to the motion or to plaintiffs' subsequently filed motion seeking largely the same relief. On August 3, 2018, the court ordered the KDOC to show cause why plaintiff should not be served with copies of the sealed exhibits. In response, the KDOC states that it does not object to producing Exhibit H, the log of plaintiff's Prison Rape Elimination Act (PREA) complaint. It also does not object to plaintiff obtaining a copy of Exhibit I, plaintiff's medical records, in a manner that does not require the KDOC to print the documents. Rather, the KDOC suggests that it make the records available for electronic viewing through plaintiff's unit team. However, the KDOC seeks a protective order prohibiting production of Exhibits C and F because the KDOC contends these documents are highly sensitive and confidential. Exhibit C is cell house post orders for cellhouse B, and Exhibit F is admissions and discharge security staff post orders. Plaintiff has not responded to the KDOC's request for a protective order, and the time do to so has passed.

## II. Discussion

Before turning to the merits of the motions, the court must address the KDOC's failure to serve plaintiff with copies of the sealed exhibits at the time the KDOC filed them. Fed. R. Civ. P.

---

[2] *See* Defs.' Mem. in Supp. of their Mot. to Dismiss or in the Alternative for Summ. J. on the 2nd Am. Compl. at 4, 7, 8, 12, 15, 17, 19, 23 (ECF No. 26).

5 governs serving and filing pleadings and other papers. Rule 5(a)(1) states that unless the rules provide otherwise, the following papers must be served on every party:

> (A) an order stating that service is required;
>
> (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;
>
> (C) a discovery paper required to be served on a party, unless the court orders otherwise;
>
> (D) a written motion, except one that may be heard *ex parte*; and
>
> (E) a written notice, appearance, demand, or offer of judgment, or any similar paper.

Courts expansively construe Rule 5(a)(1)'s inventory of documents requiring service.[3] The language in Rule 5(a)(1)(E) requiring service of "any similar paper" is known as the "catch-all category."[4] Courts have construed it "broadly to require service of virtually every written communication in an action on all parties."[5] This district's local rules expand on the duty to serve parties with all papers. Rule 5.4.9(b) governs service on parties who have not consented to electronic service of documents. It provides that these parties "are entitled to service of paper copies of the notice of electronic filing and the electronically-filed pleading or other document." In short, this provision requires that litigants who are not filing electronically are served with the

---

[3] *See Hone v. Wal-Mart Stores E., L.P.*, No. 14-1006-FLW, 2016 WL 6208267, at *3 (D.N.J. Oct. 24, 2016).

[4] *Id.* at *3.

[5] 4B Charles Alan Wright & Arthur R. Miller, *et al.*, *Federal Practice and Procedure*, § 1143 (4th ed. 2018); *see also Hone*, 2016 WL 6208267 (determining that Rule 5(a)(1)(E) requires the service of arbitration awards); *Russell v. City of Milwaukee*, 338 F.3d 662 (7th Cir. 2003) (finding that a Suggestion of Death was subject to Rule 5); *Burton v. G.A.C. Finance Co.*, 525 F.2d 961 (5th Cir. 1976) (letter to the Clerk of Court, enclosing a finance disclosure statement, subject to Rule 5); *In re Grand Jury Investigation*, 317 F. Supp. 792 (E.D. Pa. 1970) (application for witness immunity subject to Rule 5).

same documents as other electronic filers. Neither Rule 5 nor D. Kan. Rule 5.4.9(b) make exceptions for documents filed under seal.

In the court's order to show cause, it stated that in the future, the KDOC must seek leave of the court if it wishes to file certain exhibits but not serve them on all parties. Although the directive did not invite a response, the KDOC states that it is counsel's understanding that sealed exhibits are not served on incarcerated parties. The KDOC cites no legal authority for its position.

The KDOC cannot unilaterally decide which procedural rules to obey or which filings it must serve on parties. The present circumstances illustrate the problem with leaving this determination to the KDOC. The KDOC failed to serve all four of its sealed exhibits, but in response to the court's order to show cause, the KDOC informs the court that it has no objection with plaintiff having access to Exhibits H and I—the log of plaintiff's PREA complaint and plaintiff's own medical records. The KDOC should have served plaintiff with copies of these exhibits at the time the KDOC filed them, and the court should not have to issue an order directing service of exhibits that the KDOC has no objection to producing. To the extent the KDOC has not already done so, it must serve plaintiff with a copy of Exhibit H within seven (7) calendar days from the date of this order. Within fourteen (14) days from the date of this order, the KDOC shall make Exhibit I available for plaintiff to view. Because the medical records are voluminous, the court will not require production of a paper copy at this time. However, the court orders the KDOC to allow plaintiff at least three (3) hours of viewing time, and plaintiff must be allowed to take notes.

As for Exhibits C and F, the KDOC argues that the purpose of the *Martinez* report is to serve as an investigative tool and should not be used to allow litigants to gain access to

documents they would normally not be allowed to receive. In support, the KDOC cites *Rachel v. Troutt*,[6] 2016 Tenth Circuit opinion. In *Rachel,* the Tenth Circuit considered, among other issues, whether the district court had erred when it failed to require prison officials to furnish documents that were allegedly incorrectly omitted from the *Martinez* report. The Tenth Circuit noted that the "omission was allegedly material and might have affected the district court's screening."[7] However, the Tenth Circuit found no error because the district court did not dismiss any claims as part of the screening process, and the Tenth Circuit noted that plaintiff could "seek the missing documents through discovery."[8] Because the plaintiff had not suffered any real prejudice, the Tenth Circuit stated that it had no need "at this stage" to address the district court's failure to order a supplementation of the *Martinez* report.

Although not entirely clear, it appears that *Rachel* involves policies and medical records that were entirely omitted from the court record, whereas this case involves sealed exhibits provided to the court and to defendants but not to the *pro se* plaintiff. In this case, the sealed exhibits are also cited in defendants' motion to dismiss. In *Rachel*, the Tenth Circuit simply found no error with the district court's decision not to order a supplementation of the record. *Rachel* does not reach the issue of whether a *pro se* incarcerated plaintiff would be entitled to those records were they filed in the action and relied upon in support of in a motion to dismiss. To that end, *Rachel* is not instructive.

Nevertheless, Fed. R. Civ. P. 26(c), which governs protective orders, gives the court latitude to forbid or alter the terms of discovery or disclosure. The rule states, "The court may,

---

[6] 820 F.3d 390, 396 (10th Cir. 2016).

[7] *Id.*

[8] *Id.*

for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . "[9] The district court has broad discretion to fashion the scope of a protective order.[10] Despite this substantial latitude, "a protective order is only warranted when the movant demonstrates that protection is necessary under a specific category set out in Rule 26(c)."[11] The party seeking a protective order bears the burden of establishing good cause.[12] To do this, the movant must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[13]

The KDOC's motion for a protective order is deficient. The KDOC fails to state under which category of Rule 26(c) it seeks a protective order. It also makes blanket assertions that the exhibits are "highly sensitive and confidential" and are "staff read-only documents" that are not available to the public. These brief statements do not constitute a particular and specific demonstration of fact. The court cannot find good cause for the entry of a protective order based on the present record.

Nevertheless, the court recognizes that there may be security concerns associated with providing plaintiff with these documents. In its discretion, the court denies KDOC's motion without prejudice to refiling within fourteen (14) calendar days from the date of this order. Before the KDOC files a renewed motion, it must confer with plaintiff and with defendants to

---

[9] Fed. R. Civ. P. 26(c)(1).

[10] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[11] *Herrera v. Easygates, LLC*, No. 11-2558-EFM-GLR, 2012 WL 5289663, at *2 (D. Kan. Oct. 23, 2012) (citing *Aikins v. Delux Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003)).

[12] *Layne Christensen Co.*, 271 F.R.D. at 244.

[13] *Aikins*, 217 F.R.D. at 534 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, n.16 (1981).

attempt to reach a solution involving these documents. In discussing Exhibits C and F, the parties are also directed to address defendants' citation of the sealed exhibits in its memorandum in support of the motion to dismiss. Any renewed motion for a protective order must state the ground for which the KDOC seeks a protective order, and it must make a particular and specific demonstration of fact justifying the entry of a protective order. Any further briefing concerning production of Exhibits C and F must also address defendants' citation to these exhibits in its motion to dismiss.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion Requesting Court-Ordered Joint Protective Order, or in the Alternative, an Order Directing Production of Sealed Exhibits (ECF No. 35) and plaintiff's motion requesting production of the sealed exhibits (ECF No. 41) is granted as to Exhibits H and I and denied without prejudice to refiling as to Exhibits C and F.

**IT IS FURTHER ORDERED** that Kansas Department of Corrections' Response to the Show Cause Order and Motion for a Protective Order (ECF Nos. 45 and 46) is denied without prejudice to refiling within fourteen (14) calendar days from the date of this order.

**IT IS SO ORDERED.**

Dated September 11, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge