IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DERON MCCOY, JR # 76894 | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17-CV-3139-SAC |
| v. | ) |
| | ) |
| JAMES HEIMGARTNER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

This matter is before the Court on Kansas Department of Corrections Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c). Plaintiff, an inmate at a secured correctional facility, seeks to discover and Defendant, a correctional official, may produce information, documents and things that are considered confidential and are provided for use only as to the claims in this litigation. Upon review of the file and for good cause shown, the Court hereby enters the following Protective Order:

I. **DEFINITIONS:** The following words and terms are defined for purpose of this Protective Order:

    A.   "Parties" shall mean Plaintiff, Defendant, and any additional party to this matter that this Court may subsequently recognize as subject to this Protective Order and their attorney(s) or agents.

    B.   When used in this Order, the word "document" or "documents" means all written, recorded, electronic, and graphic matter whatsoever

1

produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party in this action whether pursuant to the rules of civil procedure, subpoena, agreement, deposition transcript and exhibits, and/or any portion of any court filing that quote from or summarize any of the foregoing.

C. "Confidential Matter" shall mean information pertaining to the security operations of the Kansas Department of Corrections (KDOC) correctional facilities, personal records, personal contact information of KDOC current and former employees, documents containing private information about inmates, and information that discloses confidential sources or intelligence gathering methods that may be produced during discovery in this action.

II. **DISCOVERY OF CONFIDENTIAL MATTER:** This Order governs all dissemination of information of the production of documents Defendant designates as Confidential Matter. The parties will abided by the following terms and conditions:

A. Plaintiff will not use or disclose Confidential Matter produced in this proceeding for any other propose or in any other proceeding. Plaintiff is specifically prohibited from disclosing Confidential Matter to any other person, including but not limited to inmates, other than as pelmitted in Section IIC herein.

B. Consistent with facility procedures, Plaintiff will be provided

reasonable access and time to read and review Confidential Matter in a secure setting provided by the Defendant, but Plaintiff will not be allowed to make or retain copies of the Confidential Matter except as provided in Section IIE herein.

C. Confidential Matter may be redacted to protect sensitive information that is legally irrelevant to Plaintiff's claims. In the event of a dispute over the relevance of redacted information, the Court will review documents containing confidential information subject to the dispute in camera.

D. If the Plaintiff wishes to disclose Confidential Matter to any person, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, if any, Plaintiff must first notify the Defendant of such wishes, justify the necessity of such disclosure, and specify each person to whom he seeks to disclose Confidential Matter. The Defendant will be given five business days to agree or object to Plaintiffs proposed disclosure of Confidential Matter. If the Defendant objects to the proposed disclosure, Plaintiff must seek this Court's review of the proposed disclosure before disclosing any Confidential Matter.

E. If Plaintiff is allowed by the Defendant or the Court to disclose a Confidential Matter, the Plaintiff will be responsible for informing

each such person to whom the Confidential Matter is disclosed that the Confidential Matter is confidential, to be held in confidence, to be used solely for the purpose of preparing for this litigation, that these restrictions are imposed by a court order, and to provide a copy of this Order to whom the Confidential Matter is disclosed. In addition, if Plaintiff is allowed by the Defendant or the Court to disclose a Confidential Matter in any affidavits, briefs, memorandum of law, or other papers filed in this litigation, Defendant will provide to Plaintiff access to such Confidential Matter in order to facilitate Plaintiffs use of such Confidential Matter in the paper to be filed with the Court.

F. If a party wished to use Confidential Matter in any affidavits, briefs, memorandum of law, or other papers filed in this litigation, a party must first file a motion with the Court and be granted leave to file the particular document under seal in accordance with the standards set out in *Holland v. GMAC Mortg. Corp.*, 2004 WL 1534179 (D. Kan. June 30, 2004), and the administrative procedures for electronically filing documents under seal in civil cases.

G. Within 14 days of the completion of the case, Plaintiff will return all documents (including any and all copies made of the documents) covered by this Protective Order to the opposing party's counsel or will certify to opposing counsel that the documents have been destroyed. After final disposition of the case, Defendant may seek

leave to reopen the case to enforce the provisions of this protective order.

H. Nothing in this Protective order shall be deemed a waiver of the right of the Defendant to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other recognized to discovery.

I. This Protective Order may be modified by written stipulation signed by the parties pursuant to these terms, or by a further order this Court upon application to the Court with notice.

J. Violations of this Protective Order may result in sanctions as provided in FED. R. Civ. P. 37.

**SO ORDERED, effective as of the date and time shown on the electronic file stamp.**

Approved as to
form and content

_[signature]_
Joni Cole KBN 24798

_[signature]_
Deron McCoy

_[signature]_
Dennis Depew

_[signature]_
Jeff Cowger